HOME MUTUAL FIRE INSURANCE COMPANY *v.*
Charles JONES and Lavonne Jones

CA 97-1457                                   969 S.W.2d 675

Court of Appeals of Arkansas
En Banc
Opinion delivered May 27, 1998

*Smith Law Firm*, by: *Truman H. Smith*, for appellant.

*Donald B. Kendall*, for appellees.

PER CURIAM. Home Mutual Fire Insurance Company has appealed from a judgment entered in the circuit court of Benton County on July 17, 1997, that awarded Charles Jones and Lavonne Jones, appellees, $183,000 plus interest at the rate of ten percent (10%) per year. Appellant has filed a motion to stay enforcement of the judgment pending its appeal and requests that we accept an irrevocable letter of credit issued by NationsBank of Texas, N.A., in the amount of $183,000 as a supersedeas bond pursuant to Rule 8 of the Arkansas Rules of Appellate Procedure. A copy of the irrevocable standby letter of credit has been submitted with the motion. Appellees have filed a response stating that they have no objection to a stay being issued upon the posting of a proper letter of credit, but they object to the letter of credit submitted by appellant because it is only for $183,000, the principal amount of the judgment at the time of its entry.

A supersedeas is a written order commanding an appellee to stay proceedings on a judgment, decree, or order being appealed from and is necessary in order to stay those proceedings. Ark. R. App. P. 8(a). When the record has been lodged with an appellate court, Rule 8(b) provides that the supersedeas shall be issued by the clerk of that court. Rule 8(c) provides that when a party desires a stay on appeal, it must present to the court for its approval a supersedeas bond sufficient in amount to guarantee that the appealing party will pay the appellee "all costs and damages that shall be affirmed against appellant on appeal; or if appellant fails to prosecute the appeal to a final conclusion, or if such appeal shall for any cause be dismissed, that appellant shall satisfy and perform the judgment, decree or order of the trial court."

We have stated that costs and damages include interest on the judgment and all costs and damages for delay that may be adjudged against appellant on appeal or which may result from dismissal or affirmance of the decision appealed. *Schramm v. Piazza*, 53 Ark. App. 99, 918 S.W.2d 733 (1996).

Appellant's motion presents two questions: (1) whether an irrevocable letter of credit is an acceptable surety so as to be approved for purposes of a supersedeas bond; and, if so, then (2)

whether the irrevocable letter of credit submitted with its motion satisfies the requirements of Rule 8. We conclude that although an irrevocable letter of credit is an acceptable surety for purposes of a supersedeas bond, appellants have failed to submit an acceptable letter in this instance because the issuer, NationsBank of Texas, N.A., has stated that the maximum payout on the letter of credit is $183,000.

A letter of credit means a definite undertaking that satisfies the requirements of Arkansas Code Annotated § 4-5-104 (Supp. 1997) by an issuer to a beneficiary at the request or for the account of an applicant or, in the case of a financial institution, to itself or for its own account, to honor a documentary presentation by payment or delivery of an item of value. Ark. Code Ann. § 4-5-102(a)(10) (Supp. 1997). By "honor" of a letter of credit is meant performance of the issuer's undertaking in the letter of credit to pay or deliver an item of value. Ark. Code Ann. § 4-5-102(a)(8). Inasmuch as the issuer of a letter of credit makes "a definite undertaking" to a beneficiary to honor a documentary presentation payment or delivery of an item of value, we see no reason why a letter of credit cannot constitute an acceptable surety for purposes of a supersedeas bond.

However, the definite undertaking by NationsBank of Texas in the irrevocable letter of credit submitted by appellant to obtain a supersedeas in this case is for $183,000. As appellees correctly observe in their response to appellant's motion, this amount is less than what would presently be owed on the judgment if it is affirmed, if the appeal is dismissed, or if appellant fails to prosecute the appeal on some other ground. If appellant desires to obtain a stay of the judgment pending the appeal, it is directed to file with the clerk of the court a supersedeas bond in proper form binding appellant together with a certificate of deposit, certified check, cash, bank money order, corporate surety, or an irrevocable letter of credit in an amount sufficient to pay all costs and damages that might be affirmed against appellant on appeal, in case of dismissal, or for failure to prosecute the appeal and then request approval of the bond and an order staying proceedings on the judgment.